Dear Honorable Elizabeth Bobo
You have requested our opinion on the application of the Maryland Open Meetings Act, Title 10, Subtitle 5 of the State Government ("SG") Article, to a hearing held by the Board of Education of Howard County ("County Board"). The type of hearing in question involves an adverse personnel action by the Superintendent of Schools against an employee, who then takes an appeal to the County Board pursuant to § 4-205(c) of the Education ("ED") Article. Your primary question is whether this appeal hearing is a quasi-judicial function under the Open Meetings Act, or, if not, whether it is an executive function. Your other questions are contingent; they address the situation if such an appeal hearing were deemed to be not a quasi-judicial but instead an executive function.[1]
For the reasons stated below, we conclude as follows: An appeal hearing conducted pursuant to ED § 4-205(c) involves a quasi-judicial function. Therefore, the Open Meetings Act does not apply. Consequently, the County Board may close the hearing without invoking any exception under SG § 10-508. If the employee who is the subject of the hearing requests the County Board to hold an open hearing, the County Board may do so, but it need not grant the request if it identifies an interest, its own or that of another, which would potentially be harmed by an open hearing.
 I Background
According to your inquiry and the material supplied with it, the Superintendent of Schools of Howard County took an adverse personnel action against a managerial level employee. Given the reference in your request to ED § 4-205(c), we take it that the Superintendent acted under his power to "decide all controversies and disputes that involve ... [t]he proper administration of the county public school system." ED § 4-205(c)(2)(ii). The employee appealed to the County Board. Under ED § 4-205(c)(3), "[a] decision of the county superintendent may be appealed to the county board if taken in writing within 30 days after the decision of the county superintendent. The decision may be further appealed to the State Board [of Education] if taken in writing within 30 days after the decision of the county board."[2]
Prior to the County Board's hearing, the employee requested that the hearing be open to the public. The County Board indicated that it planned to close the hearing pursuant to SG § 10-508(a)(1), which permits closed sessions when the topic of discussion is a specific personnel matter. The employee, indicating an intention to waive the right to a closed hearing, filed a prospective complaint with the Open Meetings Compliance Board.[3] Before any action by the Compliance Board, however, the prospective complaint was withdrawn. Therefore, the Compliance Board was unable to offer guidance about the application of the Open Meetings Act in these circumstances. The County Board, concerned about its legal obligations should a similar situation recur, sought your assistance in requesting our opinion.
 II Status of Hearing: Open Meetings Act
With certain exceptions not relevant to your inquiry, the Open Meetings Act "does not apply to a public body when it is carrying out ... a quasi-judicial function." SG § 10-503(a)(1)(iii).[4] The Act defines a quasi-judicial function as "a determination of a contested case to which Subtitle 2 of [SG Title 10] applies" or "a proceeding before an administrative agency for which Title 7, Chapter 200 of the Maryland Rules would govern judicial review." SG § 10-502(i)(1) and (2).[5]
In our view, the correct analysis of the hearing before the County Board is not to consider it in isolation, but rather to treat it as ED § 4-205 does: as the first hearing in a process that provides for judicial review after a State Board hearing. The characterization of an ED § 4-205 hearing in the State Board's regulations unmistakably deems it a contested case for which judicial review is governed by Title 7, Chapter 200 of the Maryland Rules.
The State Board's regulations provide as follows: "In an appeal of a local board decision on a controversy or dispute regarding ... the proper administration of a local public school system, the State Board shall review the appeal on the record made before the local board." COMAR 13A.01.05.06. The State Board views the matter as a contested case under the Administrative Procedure Act. See COMAR 13A.01.05.01B(2) and13A.01.05.08A(5). The State Board's regulations further provide that the appeal of its decision "is governed by Maryland Rules of Procedure 7-201 et seq. and 7-301." COMAR 13A.01.05.11B.
Under Rule 7-201(a), Title 7, Chapter 200 "governs actions for judicial review of an order or action of an administrative agency, where judicial review is authorized by statute ...." The relevant statute here is the APA's provision on judicial review, SG § 10-222(a), which provides that "a party who is aggrieved by the final decision in a contested case is entitled to judicial review of the decision ...." As we have explained, the State Board's regulations make the ED § 4-205 hearing process a contested case.[6] Therefore, SG § 10-222(a) applies and supplies the necessary statutory basis for the kind of judicial review specified in the Open Meetings Act definition of "quasi-judicial function."
In our view, then, the entire process, from the hearing at the County Board to the hearing at the State Board, is a "quasi-judicial function."[7] As such, it is not subject to the Open Meetings Act.
 III Status of Hearing: Other Law
A. Education Article
The County Board is subject to the following special provision: "Notwithstanding any other provision of law, this subsection applies to the county board when it is carrying out an executive function described under Title 10, Subtitle 5 of the State Government Article." ED § 3-704(b)(1). The subsection goes on to require all actions to be taken at a public meeting unless one of the exceptions in SG § 10-508 permits a closed session. ED § 3-704(b)(2) and (3)
By its terms, this subsection applies only when the County Board is carrying out an executive function. In Part II above, we explained why a hearing under ED § 4-205(c) is a quasi-judicial function. For this reason, it cannot be an executive function. See SG § 10-502(d)(2)(iv). Therefore, the County Board need not invoke any of the exceptions in SG § 10-508 in order to close the hearing.
B. Regulation
A regulation of the Office of Administrative Hearings ("OAH") declares that, unless prohibited by law, all OAH proceedings are open to the public. COMAR 28.02.01.21A. But the hearing before the County Board is not an OAH proceeding and is not subject to this regulation.[8]
 IV Employee Request for Open Hearing
Given our interpretation of the State Government and Education Articles, we conclude that the County Board may close a hearing held pursuant to ED § 4-205(c). Indeed, ordinarily such a hearing would involve information in personnel records and therefore must be closed, to avoid a violation of the provision of the Public Information Act prohibiting public disclosure of a personnel record. SG § 10-616(i). But what if the employee whose status is contested, and whose personnel records are involved, waives confidentiality and requests that the hearing be open to the public?
Although a defendant in a criminal proceeding has a constitutional and common law right to prevent a trial from being closed,[9] we are aware of no Maryland case holding that a party in a contested administrative case has a general right to demand an open hearing. Nevertheless, if the employee waives confidentiality and requests an open hearing, the County Board should consider whether any other interests would justify a closed hearing. If it identifies such an interest relating to its own processes or other individuals (for example, protecting the privacy of employees not party to the proceeding), whether or not included among the exceptions in SG § 10-508, it may close the hearing. If it can identify none, it should open the hearing, to avoid a later claim of error (or even of a due process violation) based on an arbitrary and unreasonable response.[10]
 V Conclusion
In summary, it is our opinion that an appeal to the Board of Education of Howard County under ED § 4-205(c) is a quasi-judicial function not subject to the Open Meetings Act. The hearing before the County Board may be closed without need to invoke any of the exceptions in the Act. Should the employee against whom the personnel action was taken waive confidentiality and request an open hearing, the request may be denied if the County Board can identify an interest (its own, or a third party's) that would be harmed were the hearing to be open.
J. Joseph Curran, Jr. Attorney General
Jack Schwartz Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions and Advice
[1] These contingent questions are as follows:
 Assuming that such an appeal hearing is an executive function, may that hearing, including oral argument, be conducted by the Board of Education in closed session under SG § 10-508(a)(1) if the hearing involves the evaluation, dismissal, or discipline of an employee?
 Assuming that the appeal hearing may be closed under SG § 10-508(a)(1), may the Board of Education close the hearing if the employee who is the subject of the proposed personnel action waives any confidentiality rights that he or she may have?
 Assuming that the appeal hearing is an executive function, may that hearing, including oral argument, be conducted by the Board of Education in closed session under SG § 10-508(a)(2) if it involves information about other employees that is private or involves statements that question, challenge, or impugn the reputation of other employees who testify at the hearing?
We do not address these questions in light of our conclusion that the hearing is quasi-judicial and that the Open Meetings Act does not apply. We do address their substance, however, in Part IV of the opinion.
[2] We understand that the employee contends that the hearing by the local board should have been conducted under ED § 6-202, which sets forth procedures for the suspension or dismissal of certain categories of professional personnel. Even if this contention is correct, it would not affect our conclusion. See footnote 7, below.
[3] Under SG § 10-502.6, any person may file a complaint with the Compliance Board "that a meeting required to be open under the provisions of [the Open Meetings Act] will be closed in violation of the [the Act] ...."
[4] If a public body is meeting to consider granting a license or permit or any zoning matter, the Open Meetings Act applies, whether or not the matter is quasi-judicial. SG § 10-503(b).
[5] The definition also includes the determination of a complaint by the Open Meetings Compliance Board. SG § 10-502(i)(3).
[6] A contested case that is not denominated as such by statute becomes one if an agency's regulation — here, the State Board's — "expressly, or by clear implication, requires the hearing to be held in accordance with [the APA]." SG § 10-202(d)(2).
[7] If the hearing were required to be conducted under ED § 6-202, the State Board would apply a different standard of review. See COMAR13A.01.05.05F (de novo review). However, the regulations make clear that the State Board also views such a hearing as a contested case hearing. COMAR 13A.01.05.07D. Judicial review of a State Board decision in such a case would also be governed by Rules 7-201 et seq. and 7-301. COMAR 13A.01.0511B. Thus, our analysis as to whether the County Board's hearing is a quasi-judicial hearing would be the same.
[8] An open hearing under this regulation might occur if an appeal of an action under ED § 4-205 is taken from a county board to the State Board, depending on the State Board's handling of the matter: "Upon review of the record, the State Board may transfer the case to the Office of Administrative Hearings for the scheduling of a hearing before an administrative law judge." COMAR 13A.01.05.06. If the hearing were deemed an appeal of an action taken under ED § 6-202, the case would be transferred to OAH for a proposed decision. COMAR 13A.01.05.07A(2).
[9] See, e.g., Tharp v. State, 362 Md. 77, 94, 763 A.2d 151 (2000). This right is not absolute, however. Id. A court may close a criminal trial, for example, if the need to protect a confidentiality interest is strong enough. Walker v. State, 125 Md. App. 48, 69, 723 A.2d 922 (1999).
[10] One federal case holds that, when an administrative hearing involved an employee's constitutional rights and the agency's regulation closing the hearing was based solely on protecting the employee's privacy, the employee had a due process right to an open hearing. Fitzgerald v. Hampton, 467 F.2d 755 (D.C. Cir. 1972). *Page 24